## Desch *v.* Lehigh County, Appellant.

*Negligence—Bridges—Counties—Change of character of travel—Harmless error.*

1. A county is bound to strengthen and maintain its bridges in order to support automobiles of the ordinary and usual weight of vehicles traveling over the highways in the locality.

2. Where a county is sued for a death resulting from the breaking of the floor of a county bridge under an automobile, a verdict against the county will not be reversed because the trial judge inadvertently used the word "unusual" in connection with an automobile when he intended to use the word "usual," if it is plain from other parts of the charge that the jury could not have been misled by the mistake.

Argued Jan. 31, 1911. Appeal, No. 253, Jan. T., 1910, by defendant from judgment of C. P. Lehigh Co., Sept. T., 1909, No. 35, on verdict for plaintiff in case of Katie S. Desch v. Lehigh County. Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before TREXLER, P. J.

The facts are the same as in Gehringer v. Lehigh County, ante, p. 497.

Verdict and judgment for plaintiff for $7,000. Defendant appealed.

*Errors assigned* were various instructions.

*Reuben J. Butz,* with him *Claude T. Reno,* county solicitor, for appellant.

*Thos. F. Diefenderfer,* with him *Francis G. Lewis,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 1, 1911:

This is another appeal growing out of the accident described in the opinion this day filed in the case of Geh-

ringer v. Lehigh County, ante, p. 497. We there determined the controlling principles of law, and it would serve no useful purpose to enlarge upon them here. It is sufficient to say that we have looked into and considered all of the defendant's fifteen specifications and find no reversible error upon the record. The only assignment to which it is necessary to refer particularly is the thirteenth, containing this excerpt from the charge: "The question is whether on this day this truck was such an automobile as was usual considering its weight and character, or whether it was unusual, and then if you find it was unusual you can consider the case in the further aspects as I have presented them to you." The last use of the word "unusual," was probably intended for "usual." However, it is plain that the appellant did not suffer any harm therefrom, for, both before and after, the trial judge repeatedly told the jury that the county could not be held liable unless "this auto was usual and ordinary," unless "the load that was carried . . . . was a common and ordinary load," and, finally, "if you find that the auto was not of an extraordinary character but was of the ordinary and usual character . . . . then you say was the bridge insufficient."

The assignments are all overruled and the judgment is affirmed.